UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 08-232-GWU

DELORES MCKINNEY
also known as DELORES WILSON,                                        PLAINTIFF,


VS.                                  **MEMORANDUM OPINION**


MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                        DEFENDANT.


**INTRODUCTION**

Delores McKinney brought this action to obtain judicial review of an unfavorable administrative decision on her application for Disability Insurance Benefits.  The case is before the court on cross-motions for summary judgment.

**APPLICABLE LAW**

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1.  Is the claimant currently engaged in substantial gainful activity?  If yes, the claimant is not disabled.  If no, proceed to Step 2.  See 20 C.F.R. 404.1520(b), 416.920(b).

2.  Does the claimant have any medically determinable physical or mental impairment(s)?  If yes, proceed to Step 3.  If no, the claimant is not disabled.  See 20 C.F.R. 404.1508, 416.908.

3.  Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities?  If yes, proceed to

1

08-232  Delores McKinney

Step 4.  If no, the claimant is not disabled.  <u>See</u> 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4.      Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months?  If yes, proceed to Step 5.  If no, the claimant is not disabled.  <u>See</u> 20 C.F.R. 404.920(d), 416.920(d).

5.      Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)?  If yes, the claimant is disabled.  If no, proceed to Step 6.  <u>See</u> 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.      Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?  If yes, the claimant was not disabled.  If no, proceed to Step 7.  <u>See</u> 20 C.F.R. 404.1520(e), 416.920(e).

7.      Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.  <u>See</u> 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

<u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.  Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  <u>Jones v. Secretary of Health and Human Services</u>, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial

2

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. § 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id.  Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

4

to afford or obtain treatment to remedy his condition, <u>McKnight v. Sullivan</u>, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. <u>Studaway v. Secretary</u>, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a <u>prima facie</u> case by proving that he or she is unable to return to work. <u>Cf. Lashley v. Secretary of Health and Human Services</u>, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  <u>Id.</u> at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  <u>E.g.</u>, <u>Faucher v. Secretary of Health and Human Services</u>, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

08-232  Delores McKinney

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.

6

08-232  Delores McKinney

In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

**DISCUSSION**

The Administrative Law Judge (ALJ) concluded that McKinney, a former clerical worker, suffered from impairments related to cervical degenerative disc disease and thoracic scoliosis. (Tr. 23, 27). Despite the plaintiff's impairments, the ALJ determined that she retained the residual functional capacity to perform a restricted range of light level work. (Tr. 24). Since the claimant was found to be able to return to her past relevant work, she could not be considered totally disabled. (Tr. 27).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

In determining that McKinney could return to her past relevant work, the ALJ relied heavily upon the testimony of Vocational Expert Ralph Crystal. The hypothetical presented to Crystal included an exertional limitation to light level work

restricted from a full range by such non-exertional limitations as (1) an inability to

ever climb ladders or ropes; (2) an inability to more than occasionally bend, twist,

stoop, kneel, crouch, crawl or climb stairs and ramps; (3) an inability to more than

occasionally reach in all directions including overhead with the upper extremities;

(4) an inability to perform sustained continuous work activity above the head level;

(5) no repetitive rotational motion of the head from side to side; and (6) a need to

avoid operating vibratory machinery or using vibratory tools. (Tr. 678). In response,

the witness testified that McKinney's past clerical work could still be performed. (Tr.

679). Therefore, assuming that the vocational factors considered by Crystal fairly

characterized the plaintiff's condition, then a finding of disabled status, within the

meaning of the Social Security Act, is precluded.

The hypothetical question fairly characterized McKinney's physical condition

as required by Varley. Dr. Devang Shah, an examining consultant, noted problems

with multiple joint pain and the stomach. (Tr. 419). Dr. Shah opined that the

plaintiff would be able to tolerate basic work activities such as light lifting, carrying

and handling of objects as well as sitting or standing. (Id.). The hypothetical factors

were consistent with these limitations. Dr. Ed Ross (Tr. 427-437) and Dr. Jorge

Baez-Garcia (Tr. 453-459), the non-examining medical reviewers, each opined that

the claimant could perform the full range of medium level work. Dr. Humildad

Anzures, another reviewer, indicated that McKinney would be able to perform

08-232  Delores McKinney

medium level work restricted from a full range by an inability to more than occasionally climb ladders, ropes or scaffolds. (Tr. 560-568). These opinions also do not support McKinney's claim. More severe physical restrictions than those presented by the ALJ were not reported by such treating and examining sources as the staff at the Paint Lick Family Clinic (Tr. 475-491), Dr. Dora Picon (Tr. 492-503), Dr. Asad Jadoon (Tr. 504-509), the staff at the Madison County Health Department (Tr. 522-529), and the staff at the Pattie A. Clay Regional Medical Center (Tr. 613-620). These reports provide substantial evidence to support the administrative decision.

Dr. Jessica Pennington, a treating source, opined that McKinney was unable to work and identified a number of extremely severe physical restrictions including an inability to lift more than five pounds and sit for more than one hour a day or stand/walk for more than one hour a day. (Tr. 586, 621-622). The claimant asserts that this opinion of a treating doctor should have been given controlling weight. However, the ALJ rejected Dr. Pennington's opinion as binding. (Tr. 26-27). The ALJ noted that the physician's statements reporting that the plaintiff was disabled were medical opinions reserved to the Commissioner. (Tr. 27). This is noted in the federal regulations at 20 C.F.R. § 404.1527(e)(1). The ALJ cited a number of reasons why Dr. Pennington's specific medical restrictions did not appear to be well-supported by objective medical data including the fact that Dr. Pennington's

9

08-232  Delores McKinney

treatment notes repeatedly recorded that the patient had a normal gait with no neurological symptoms and range of motion findings generally within normal limits. (Tr. 26).  Thus, the ALJ had a number of good reasons to reject the opinion of Dr. Pennington as binding and the undersigned finds no error.

The ALJ found that McKinney's mental problems did not constitute a "severe" impairment.  (Id.).  This action appears appropriate.  Dr. Robert Eardley examined the plaintiff and diagnosed a depressive disorder.  (Tr. 512).  However, Dr. Eardley indicated that despite this condition the claimant would still be able to make personal and social adjustments as well as understand, remember and carry out instructions.  (Tr. 513).  This opinion does not suggest the existence of a "severe" mental impairment.  Psychologists Laura Cutler (Tr. 438), Thompson Prout (Tr. 460), Stephen Scher (Tr. 530) and Ilze Sillers (Tr. 545) all reviewed the record and opined that it did not reveal the existence of a "severe" mental impairment.  These reports provide substantial evidence to support the administrative decision.

Psychologist Marc Plavin also examined McKinney and diagnosed a generalized anxiety disorder.  (Tr. 426).  Plavin indicated that the plaintiff would have a "fair" ability to act socially, tolerate stress, show sustained concentration and persistence on tasks, interact with others and respond to work pressures.  (Id.).  Thus, Plavin did identify a "severe" mental impairment.  The ALJ rejected the examiner's opinion as binding because it was inconsistent with her activities as well

10

08-232  Delores McKinney

as the findings of the equally-placed examining source, Dr. Eardley.  (Tr. 26).  This action appears appropriate.  Therefore, the ALJ properly concluded that the claimant did not suffer from a "severe" mental impairment.

The undersigned concludes that the administrative decision should be affirmed.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 18th day of February, 2009.

**Signed By:**

_G. Wix Unthank_

**United States Senior Judge**